H. G. FLEMING, and RIVER HAVEN REALTY COMPANY, a corporation, *Appellants*, vs. OTIS ELEVATOR COMPANY, a foreign corporation, *Appellee*.

145 So. 201.

Division B.

Opinion filed January 2, 1933.

*E. B. Drumright* and *Sutton, Tillman & Reeves,* for Appellants;

*Carabello, Graham & Cosio,* for Appellee.

DAVIS, J.—In this case the Chancellor below rendered a final decree in a statutory creditor's suit, finding that a certain deed to real estate, dated September 23rd, 1926, executed by appellant, H. G. Fleming, joined by his wife, Gail F. Fleming, to the River Haven Realty Company, a corporation, had been made without consideration, and with intent to hinder, delay and defraud the complainant, Otis Elevator Company, appellee here, in the collection of certain indebtedness due it by Fleming, at the time the conveyance was made. The appeal here considered, is from that decree.

The statute provides that a creditor's bill may be filed in the courts of this state, having chancery jurisdiction, before the claims of indebtedness of the persons filing the same, shall have been reduced to judgment, provided the complainants therein shall have first instituted suits in the proper courts of law for the collection of their claims. Section 5035 C. G. L., 3229 R. G. S.

The bill of complaint in this case alleged that on September 1st, 1926, the defendant, H. G. Fleming, was in-

debted to the Otis Elevator Company, complainant, in the sum of $3,679.65; that on September 26th, 1927, suit had been duly instituted in the Civil Court of Record of Hillsborough County to reduce the indebtedness to judgment; that a writ of attachment issued against the defendant had been returned *nulla bona;* that on September 23, 1926, the defendant, Fleming, was the owner of certain property described specifically in the bill; that on the same day defendant, Fleming, joined by his wife, conveyed said property without consideration and with intent to hinder, delay and defraud complainant in the collection of his claim; that the conveyance aforesaid was received by the defendant, River Haven Realty Company, as grantee, with full knowledge of such fraudulent intent; that the defendant Fleming, was the president and owner of practically all of the stock of the defendant corporation, River Haven Realty Company, to which the alleged fraudulent conveyance had been made, and that the remainder of the stock of the grantee corporation was owned by the debtor's wife; that said defendant, Fleming, was disposing of the property conveyed to the corporation of which he was president and practically sole owner, and applying the proceeds to his own use; that in consequence the conveyance made by Fleming should be declared void, and adjudged to be subject to plaintiff's unsatisfied writ of attachment that had been issued, and that injunction and receivership should be awarded against the defendants, by way of ancillary relief.

As will be seen from a recital of the foregoing allegations of the complainant's bill, the complainant did allege in this instance, clearly and definitely, every fact that was necessary to be established to entitle it to relief, and therefore the demurrer of the appellant, River Haven Realty Company, to the bill of complaint, was properly over-ruled. B. L. E. Realty Corporation vs. Mary Williams, Co., 101

Fla. 254, 134 Sou. Rep. 47; Cowdery vs. Herring, 106 Fla. 567, 143 Sou. Rep. 483; Weathersbee vs. Dekle, 107 Fla. 517, 145 Sou. Rep. 198 (both decided at the present term).

The lower court in its decree expressly found from the evidence that the conveyance by Fleming to River Haven Realty Company had been made with intent to defraud Fleming's creditors, of which the complainant, Otis Elevator Company, was one, and the conveyance had been received by the grantee corporation, with full knowledge of such fraudulent intent. It was shown that the deed attacked embraced all of the property owned by Fleming that was liable to execution or attachment, and that at the time the deed was executed and recorded, that Fleming was indebted to the Otis Elevator Company for some $3-600.00 unpaid moneys due on a contract, as well as to other creditors. It was also shown that after the conveyance to River Haven Realty Corporation, that Fleming, the grantor, remained in full charge of the conveyed property, executing deeds, satisfying mortgages, receiving moneys and otherwise acting with respect to the lands, in his pretended capacity as president of River Haven Realty Corporation, without apparently so conducting his affairs in that respect as to indicate that he regarded that there was any real distinction between his ownership, and that of the corporation for which he acted, and whose interests was mostly his own.

The fact that the conveyance made by the debtor included all of the debtor's property subject to attachment and execution, and was made to a corporation organized, owned and controlled by the debtor, with the grantor debtor remaining in management and control of the property was sufficient, in connection with the other circumstances of the case, to justify the decree of the Chancellor setting the deed aside as having been made with fraudulent intent. See 12th R. C. L. 480.

The appointment of the Receiver was an incident to the granting of the relief setting aside, cancelling and declaring of no effect, so far as the rights of the complainant were concerned the lands which had been conveyed away by the debtor. The Receivership being limited as it was to the land and the proceeds of the land which had been fraudulently conveyed, to hinder, delay and defeat the claim of the complainant was not inappropriate to the end sought to be accomplished by the Bill of Complaint and was justified by a special prayer contained in that Bill which asked for it. It has not been made to appear that the appointment of the Receiver in aid of the enforcement of the final decree was erroneous under the rule which authorizes Circuit Courts of Chancery to make appropriate orders for the enforcement of the decrees that they render.

In a suit brought by a person to set aside a transfer of property made by an individual to a corporation in fraud of his creditors, the rights of the stockholders are amply protected by the corporation and the stockholders are not necessary or proper parties in such suit. Johnson vs. Cook, 179 Mich. 117, 146 N. W. 343. And in such cases the wife of the fraudulent grantor is a proper, but not an indispensable, party to the suit to set aside her husband's fraudulent conveyance in which she joins, since the effect of the decree setting the conveyance aside, is to restore the preexistent status of the property as of the date the conveyance was made.

It follows from what has been said that there is no error in the decree appealed from and the same should be and is hereby Affirmed.

WHITFIELD, P.J. AND TERRELL, J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

Filed under Rule 21A.