340 So.2d 1206 (1976)
BUCKLEY TOWERS CONDOMINIUM, INC., a Florida Non-Profit Corporation, Appellant,
v.
Herbert BUCHWALD, Trustee, Appellee.
Nos. 75-1675 and 75-1809.
District Court of Appeal of Florida, Third District.
December 14, 1976.
Rehearing Denied January 12, 1977.
*1207 Joseph S. Paglino, Miami, for appellant.
Steel, Hector & Davis, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
HENDRY, Judge.
Appellant, plaintiff below, appeals an order of the lower court, dated October 28, 1975, granting appellee's, defendant below, motion for sequestration.
This appeal originates from a continuous feud between appellant-condominium association and appellee-developer over a "community facility lease" (ninety-nine year recreation lease). Our decision in Buckley Towers Condominium, Inc. v. Buchwald, 321 So.2d 628 (Fla.3d DCA 1975), presents the factual circumstances upon which this appeal is based and for our purposes, we need not enumerate those same facts.
Suffice it to say that in appellant's previous appeal to this court, we affirmed an order of the lower court which enforced a settlement agreement entered into between appellant-association and appellee-developer. In that case, appellee, as lessor of the community facilities lease at the condominium complex, was awarded a money judgment for unpaid delinquent rents due under the aforementioned lease.
In conjunction with the plenary appeal mentioned above, appellant applied to the lower court for a supersedeas order. The court entered such an order, however, appellant refused to accept its terms and sought modification of supersedeas in this court. We declined to modify and appellant appealed to the Florida Supreme Court, which dismissed the appeal. Buckley Towers Condominium, Inc. v. Buchwald, 327 So.2d 31 (Fla. 1976). After we rendered our judgment in the plenary appeal, appellant again appealed to the Florida Supreme Court, however, said appeal was likewise dismissed for lack of jurisdiction at 330 So.2d 15 (Fla. 1976). At no time did appellant ever agree to a supersedeas bond and therefore, the terms of the settlement agreement, which the lower court enforced by its order, and which we affirmed on appeal, are still in full force and effect.
Notwithstanding our decision affirming the lower court's order, appellant has refused to obey said order by failing to pay appellee rent due him under the terms of the community facility lease, the recognition *1208 of said lease and its terms being made an integral part of the settlement agreement. Based upon this continual refusal, appellee filed a motion for sequestration requesting the trial court, pursuant to Fla. R.Civ.P. 1.570, to sequestrate the funds in possession of appellant-association, as security for payment due under the terms of the lease.
Appellant, thereupon, filed a motion objecting to the hearing on appellee's motion for sequestration based upon insufficient notice and sought a cancellation or continuation of said hearing. The lower court denied appellant's motion.
Pursuant to an evidentiary hearing, the lower court ordered sequestration of funds held by appellant-association and appointed a receiver to both manage the collection of said funds and distribute to appellee, out of said funds, monies owed him by virtue of his status as lessor under the community facility lease.
In light of the above factual background, appellant has taken two appeals. The first appeal is founded upon the lower court's denial of appellant's motion for continuance based upon insufficient notice. The second appeal is based upon the lower court's order sequestering funds held by appellant-association and appointing a receiver to manage and distribute said funds. By order of April 15, 1976, these appeals were consolidated.
Appellant's basic contentions are twofold: (1) that appellant's counsel did not receive proper notice for the hearing on appellee's motion to sequester the rents and therefore, it was error to deny his motion for continuance and (2) it was error to sequester the funds in appellant's possession because the prerequisites of Fla.R.Civ.P. 1.570 had not been met. In addition, during oral argument, appellant raised the issue of the legality of the community facility lease, in light of Section 711.231, Florida Statutes (1975), which concerns itself with escalation clauses in recreation leases.
Appellee responds by stating that the trial judge did not abuse his discretion in declining to grant appellant's motion for continuance, based upon insufficiency of notice; nor did the trial judge abuse his discretion in exercising his powers pursuant to Fla.R.Civ.P. 1.570, to sequestrate the rent due appellee under the terms of the settlement agreement.
In addressing ourselves to appellant's first contention, we find the following dates to be of significant importance. Appellee filed and served his motion for sequestration on October 22, 1975. The motion was set for hearing on October 28, 1975. On October 24, 1975, the trial judge held an emergency hearing on appellant's motion for continuance, which was based upon lack of notice and scheduled out of state commitments. Pursuant to the hearing and argument on appellant's contentions, the trial judge denied the request.
It is black letter law that a motion for continuance is grounded in the sound judicial discretion of the trial court and the ruling of the court will not be disturbed unless an abuse of discretion is clearly shown. In re Gregory, 313 So.2d 735 (Fla. 1972); Diaz v. Diaz, 258 So.2d 37 (Fla.3d DCA 1972). Based upon the chronology as set forth above, we cannot say that the trial judge abused his discretion in denying appellant's motion for continuance, and in so doing, impliedly holding that notice was adequate.
As for appellant's other contention, we look to the text of Fla.R.Civ.P. 1.570, Enforcement of Final Judgments, which in pertinent part, provides:
"... If any other judgment, injunction or mandatory order for the specific performance of any act or contract is not complied with, the court may hold the disobedient party for contempt or may sequestrate his property ..." 31 Fla. Stat. Ann. 252 (1967).
The trial judge's sequestration order did no more than enforce the settlement agreement of the parties. The Florida Supreme Court has held that courts of chancery have the power to enforce their orders and decrees lawfully made and entered. Burkhart v. Circuit Court of Eleventh Judicial Circuit, 146 Fla. 457, 1 So.2d 872 (1941). That *1209 same court has also held that the aid of a receiver in enforcing a final judgment might be enlisted under proper circumstances. Fleming v. Otis Elevator Co., 107 Fla. 557, 145 So. 201 (1933).
We have held that the appointment of a receiver rests in the sound discretion of the court and is to be exercised according to the facts of each particular case. Recarey v. Rader, 320 So.2d 28 (Fla.3d DCA 1975). After a careful review of the record and the long history this case has endured, we do not feel that the trial judge abused his discretion in either sequestering the funds held by the association or in appointing a receiver to manage those funds. In so holding, we have closely examined appellant's contention that necessary prerequisites have not been met (i.e., an order of contempt, a writ of execution returned nulla bona) as a precondition to the utilization of Fla.R.Civ.P. 1.570 and after a careful reading of the aforementioned rule, we do not believe that contention meritorious.
Finally, during oral argument, appellant for the first time raised the issue of the legality of the community facility lease in light of Section 711.231, Florida Statutes (1975). The question of the legality of said lease, not having been argued in the briefs nor assigned as error is not appropriately before us and we need not consider its merits. F.A.R. 3.7(i), 32 F.S.A. 160 (1967).
Any other points raised by appellant are without merit and need not be discussed.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment appealed is affirmed.
Affirmed.