In re **Stephen Dewey McDONALD**,
Debtor.

Herbert S. **FREEHLING**, Trustee,
Plaintiff,

v.

**Stephen Dewey McDONALD and Michael H. McDonald, Defendants.**

**Bankruptcy No. 81–00025–BKC–SMW.**
**Adv. No. 81–0247–BKC–SMW–A.**

United States Bankruptcy Court,
S. D. Florida.

Nov. 10, 1981.

See, also, Bkrtcy., 16 B.R. 621.

Stanley L. Riskin, Hollywood, Fla., for defendants.

Reggie D. Sanger, Fort Lauderdale, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause having come on to be heard upon plaintiff's seven count Complaint filed herein, and the Court, having heard the testimony and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The defendant/debtor, Stephen Dewey McDonald, filed his voluntary petition in bankruptcy on January 12, 1981. The plaintiff, Herbert S. Freehling, was appointed trustee and is presently acting in that capacity.

The debtor's bankruptcy petition lists creditors in the amount of $10,500.00 with assets of $60.00 as of December 30, 1980. The principal creditor, in the amount of $8,500.00, is Alice E. Avera, a deaf mute, who is the grandmother of the debtor and of the co-defendant, Michael H. McDonald.

This case focuses upon the various transfers of property made by the debtor since 1979 in relation to his various liabilities and the findings of the Court are made with the intent of putting the transfers into a time sequence and to display the conduct of the defendants in relation thereto.

The debtor's financial problems began in early 1979 when his painting business failed and he defaulted on his loan with a bank. Ms. Avera, as guarantor on the loan, was forced to liquidate property to pay off the outstanding balance in the sum of $8,249.05. Ms. Avera made demand for repayment of this sum from the debtor in June, 1979, to which he replied that she "would never be paid anything." In the fall of 1979, Ms. Avera filed a suit in the State Court against the debtor for the said amount, which suit is still pending but halted by the within Bankruptcy proceedings.

In addition, during the period of time aforesaid, the debtor and his wife were having marital problems. (They were ultimately divorced in August, 1979.) As part of their settlement agreement the debtor's wife agreed to give him her interest in their home (hereafter referred to as "the house"), and on July 25, 1979, the debtor and his wife conveyed the house to himself and his brother, Michael H. McDonald (hereafter referred to as Michael) as tenants in common. Michael paid no consideration for the house nor did he ever make any mortgage payments or improvements to the property. On December 10, 1979 the debtor conveyed his one-half interest in the house to Michael with the explanation to the Court that he could no longer afford the payments on the house. Again, Michael paid no consideration for this transfer.

Nevertheless, after the debtor transferred his one-half interest to Michael and until the house was sold in October, 1980, the debtor continued to pay the mortgage on the house personally from either his personal funds or the funds from rental of the property. Michael never lived in the house, never made mortgage payments or assumed the mortgage, never collected rents, never put the utilities in his own name, and made no arrangements to have the house sold.

The house was sold in October, 1980, for $54,900.00 to bona fide purchasers and the seller's net cash at closing was $15,902.84. Of this money, Michael gave $2,000.00 to his mother, $6,900.00 to the debtor and used the remaining funds to have "a good time" and to repair a truck.

The debtor used the aforesaid funds to purchase a car. The bill of sale was in the debtor's name but the car title was put in Michael's name. This 1979 Toyota automobile was and is used exclusively by the debtor. After Ms. Avera filed her separate adversary complaint against the debtor in the Bankruptcy Court, Michael mortgaged the car and the debtor is presently paying the mortgage and insurance exclusively out of his own funds. Michael used the mortgage proceeds for his own enjoyment.

By divesting himself of the house, the debtor was left with one asset of value, a 50% stock ownership in M & S Trucking, Inc., which the debtor also conveyed to Michael without consideration in mid-1980. M & S Trucking, Inc. was a business he and Michael stated in 1979 and still is an on-going business.

The debtor divested himself of any assets of appreciable value which would be for the benefit of creditors of the estate and this Court finds that the debtor and Michael conspired to perpetrate a fraud upon the creditors of this estate when the debtor conveyed the house, the 1979 Toyota, and the stock of M & S Trucking, Inc., to Michael with the specific intent to delay, hinder and defraud the creditors of this estate from collecting against these properties. But for the various transfers to and through Michael, the creditors of this estate would have been able to realize a repayment of their claims in full from the net proceeds of the house of $15,902.84, the 50% ownership of M & S Trucking, Inc. and the 1979 Toyota purchased free and clear for $6,900.00.

The debtor claims the house is homestead. While the property was the debtor's homestead prior to July 25, 1979, the debtor is not entitled to claim the house as homestead after the transfer to himself and his brother. The property lost its status as homestead because of this transfer, the subsequent divorce, his no longer being head of the family, and his moving from the property and renting it on August 1, 1979.

The Court concludes that under Section 726.01 Florida Statutes, the debtor's transfer of the house to himself and Michael in July, 1979, was not a fraudulent conveyance because at the time of the conveyance the property was the debtor's homestead. However, the Court finds that the debtor's conveyance of his one-half interest to Michael in December, 1979, was a fraudulent conveyance, and that the plaintiff is entitled to a money judgment in the amount of one-half of the net proceeds of the sale of the house.

One-half of the net proceeds of the October, 1980, sale amounts to $7,951.42. While the debtor's fraudulent conveyance took place in December, 1979, the debtor retained a beneficial interest in the property until the sale to a bonafide purchase in October, 1980.

The Court also finds that the debtor was given $6,900.00, which he used to buy a 1979 Toyota and while he put legal title in Michael's name, he demonstrated all the indicia of ownership. The vehicle was placed in Michael's name to delay, defraud, and hinder the debtor's creditors. Inasmuch as the plaintiff and creditors of the estate have no adequate remedy at law in recovering the vehicle placed in Michael's name, the Court imposes a constructive trust on the car and enters an affirmative injunction to require Michael to convey the car to the plaintiff.

The Court finds that the 50% stock interest in M & S Trucking, Inc. was a fraudulent conveyance made to an insider within one year of the filing of the bankruptcy petition within the meaning of 11 U.S.C. § 548 and is avoided by the plaintiff. Michael is directed to convey the 50% stock ownership to the plaintiff.

The Court has considered the plaintiff's prayer for imposition of punitive damages against Michael for his conduct in the transfer transactions herein but the Court declines to do so, finding that the plaintiff has failed to carry the burden of proof in regard thereto.

The Court has considered the plaintiff's objection to the debtor's discharge on the basis that the debtor failed to keep accurate books and records. While the plaintiff raised other objections to the discharge, the Court denies the debtor's discharge on this basis and the Court does not need to consider the other grounds raised. The Court finds that the records introduced by the plaintiff, which were produced by the debtor pursuant to a notice to produce at trial, are deficient in that they are incomplete banking records from which it is impossible to determine the debtor's financial condition or to substantiate the debtor's business transactions within the last few years, namely the painting business failure, his transfer of various personal property, and his records of M & S Trucking, Inc. The debtor failed to present any evidence to rebut the incompleteness of the records submitted.

In summary, the plaintiff is entitled to a judgment against the defendant, Michael H. McDonald, for the sum of $7,951.42 representing one-half of the net proceeds of the sale of the house; the imposition of a constructive trust against the 1979 Toyota Celica with the vehicle being conveyed to the plaintiff; and the conveyance of 50% of the stock interest in M & S Trucking, Inc. Additionally, the debtor's discharge is denied. A final judgment in conformity with these findings of fact and conclusions of law will be entered pursuant to Bankruptcy Rule 921 on this date.