PER CURIAM.
Appellant has failed to demonstrate that the trial court’s denial of her motion for continuance of the contempt hearing constituted an abuse of discretion. In re Gregory, 313 So.2d 735 (Fla.1975); Buckley Towers Condominium, Inc. v. Buchwald, 340 So.2d 1206 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 945 (Fla.1977).
Where the motion for contempt stated the month and year (i.e., May, 1981), but not the exact date of the appellant’s alleged violation of the court’s order of May 28,1981, there was no showing of prejudice in that the violations continued past May 28, 1981 and their exact dates were established by the evidence. That the appellant willfully and contemptuously disobeyed an order of the court by removing her husband’s possessions from the former marital home, and destroying or causing damage to the home or its contents, was also established by the evidence beyond a reasonable *274 doubt. See Demetree v. State, 89 So.2d 498 (Fla.1956).
After an appeal was taken, the trial court was without jurisdiction to modify or alter the final judgment of dissolution by setting aside an alimony award. Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980).
Affirmed in part; reversed in part and remanded.