# WHITE v. SCHUBERT, et al.

## Case No. 83-3798 CA (L)

Fifteenth Judicial Circuit, Palm Beach County

February 4, 1985

### APPEARANCES OF COUNSEL

**Curtis L. Witters,** for Cross-Defendant, Carol Sue Schubert.

**James M. Painter** and **Michael L. Nicholas** for Cross-Plaintiff, DeMarco Brothers, Inc.

**John R. Young** for defendant, Sheri Leonardt.

**Stuart E. Soff** for plaintiff, Edward White.

### OPINION OF THE COURT

RICHARD I. WENNET, Circuit Judge.

This cause came before the Court for trial without jury on January 9, 10 and 11, 1985 upon the Cross-Plaintiff's, DeMARCO BROTHERS, INC., action for foreclosure on a second and third mortgage, and the Cross-Defendant's, CAROL SUE SCHUBERT, answer and affirmative defenses to same. The main claim, that of EDWARD WHITE, Plaintiff, suing for foreclosure of the first mortgage was previously abandoned. However, due to the failure of counsel for plaintiff to prepare and file a dismissal, the Court with the agreement of counsel who attended the trial will dispose of the claim of EDWARD WHITE in this Final Judgment. The Cross-Plaintiff, henceforth Plaintiff, was represented by James M. Painter, Esq. and Michael L. Nicholas, Esq.,

while the Cross-Defendant, henceforth Defendant, was represented by Curtis L. Witters, Esq. The Plaintiff seeks to foreclose two mortgages on certain property of which Defendant owns an undivided one-half interest. The Court having received lengthy testimony and numerous documentary exhibits makes the following findings of fact:

1. ROBERT L. DeMARCO, the sole stockholder of DeMARCO BROTHERS, INC., Plaintiff, and the Defendant, CAROL SUE SCHUBERT, were formerly husband and wife. Their marriage was dissolved by a Final Judgment entered January 5, 1975, which Judgment incorporated a Property Settlement Agreement providing for $6,600 per year permanent periodic alimony and a division of various interests in real property. In 1976, ROBERT L. DeMARCO sought modification of the Final Judgment and an Order was entered on December 27, 1976, which incorporated a compromise settlement of the parties. That compromise settlement provided for transfer from ROBERT L. DeMARCO to CAROL SUE SCHUBERT of his interest in three parcels of real property, a mortgage and a motor home, together with the payment of $20,000.00 in four installment payments ending January 1, 1978.

2. ROBERT L. DeMARCO failed to make the money payments due to CAROL SUE SCHUBERT under the Order dated December 27, 1976, and Final Judgments were entered against him in favor of CAROL SUE SCHUBERT on April 26, 1977, for $7,000.00, and January 19, 1979, for $10,000.00. Further, ROBERT L. DeMARCO failed to transfer the real and personal property to CAROL SUE SCHUBERT, as required by the Order entered December 27, 1976, because he had previously and fraudulently conveyed those assets to his then wife, CHERI LEONHARDT (former Defendant in this action). ROBERT L. DeMARCO candidly admitted these fraudulent conveyances in his testimony at trial, but claimed that they were made to protect the properties from business creditors of his corporation. Those conveyances were set aside by a Final Judgment rendered in a separate action on October 26, 1977, and the properties were (accordingly) conveyed to CAROL SUE SCHUBERT.

3. The Defendant, CAROL SUE SCHUBERT, acquired the one-half interest in the realty (henceforth "warehouse property") which is the subject matter of this litigation, from ROBERT L. DeMARCO by execution sale on November 9, 1979, in satisfaction of her above two judgments totaling $17,000.00.

4. The warehouse property is currently owned by the Defendant, CAROL SUE SCHUBERT (DeMARCO's former first wife), and the

100

Defendant, CHERI LEONHARDT (DeMARCO's former second wife), as tenants in common. It is encumbered by three (3) mortgages. The first mortgage was granted by ROBERT L. DeMARCO on March 5, 1976 when he owned the property, to Boca Raton Federal Savings and Loan Association, for $20,000.00, with the proceeds used to construct a warehouse on the realty. That mortgage was acquired by City Federal Savings and Loan Association, and sold by that institution to EDWARD WHITE. The second mortgage encumbers only the one-half interest of CAROL SUE SCHUBERT and was given by ROBERT L. DeMARCO to his corporation, DeMARCO BROTH-ERS, INC., on February 24, 1978, in the amount of $30,000.00. The third mortgage also encumbers only the one-half interest of CAROL SUE SCHUBERT and was likewise given by ROBERT L. DeMARCO to his corporation on March 2, 1979, in the amount of $40,000.00.

5. Thereafter ROBERT L. DeMARCO borrowed $17,500.00 from an individual named John E. Mitchell, and loaned it to his friend, one EDWARD WHITE, a straw man in this action, in order that Mr. White could purchase the first mortgage upon the subject property from Boca Federal and file the main action in a fraudulent attempt to foreclose CAROL SUE SCHUBERT's interest in this realty. This claim was abandoned after John E. Mitchell demanded repayment from ROBERT L. DeMARCO and repayment was made by DeMARCO BROTHERS, INC.

6. DeMARCO BROTHERS, INC.'s attempt to justify this action by alleging that from 1971 through 1976, the corporation, DeMARCO BROTHERS, INC., in addition to paying salaries, advanced substantial amounts of money to its then 50 per cent owners, ROBERT L. DeMARCO and his brother, RONALD DeMARCO. These advances were labeled by the corporation as loans to shareholders, and were carried on its books and tax returns as loans. However, no promissory notes were executed for the funds as they were advanced, interest was accrued in only two years, 1975 and 1976, and interest was never paid to the corporation.

7. Further, the second and third mortgages from ROBERT L. DeMARCO to DeMARCO BROTHERS, INC., dated February 24, 1978 and March 2, 1979, were given to secure a pre-existing debt from ROBERT L. DeMARCO to his corporation; there was no contemporaneous advance of money from DeMARCO BROTHERS, INC. to ROBERT L. DeMARCO. There was no legal consideration to ROBERT L. DeMARCO for the execution and delivery of the two mortgages to DeMARCO BROTHERS, INC. By his own testimony, the equity in the warehouse property was the only asset owned by

101

ROBERT L. DeMARCO at the time the two mortgages totaling $70,000.00 were given to his corporation, and additionally, ROBERT L. DeMARCO valued this asset at $6,500.00 two years previously. As he submitted into evidence Plaintiff's Exhibit 40, a personal financial statement dated June 10, 1976, in which he values the subject property at $33,000.00, and shows that it is subject to the $20,000.00 Boca Federal mortgage. Thus, his one-half interest in the warehouse property, after the previous conveyance of a one-half interest to his then wife, CHERI LEONHARDT, was worth only $6,500.00.

8. The instant foreclosure action was commenced on July 6, 1983 just three months after Co-Defendants CAROL SUE SCHUBERT and CHERI LEONHARDT obtained $12,200.00 from DeMARCO BROTHERS, INC., pursuant to a money judgment rendered in their favor on another law suit concerning this warehouse property. In that action, DeMARCO gave his corporation an unrecorded twenty-year lease dated June 2, 1976 (which predated by twelve days his conveyance of the one-half interest in the property to his then wife, CHERI LEONHARDT) and the ex-wives collected back rent from DeMARCO BROTHERS, INC. which was using the warehouse as its headquarters.

9. In summary, ROBERT L. DeMARCO gave himself a $30,000.00 and a $40,000.00 mortgage on his own realty with the specific purpose and intent of depriving Defendant of the alimony judgments rendered in her favor. He then procured a purchaser of Boca Federal's first mortgage in the form of EDWARD WHITE and gave White the $17,500.00 to purchase this mortgage, and the concurrent ability to maintain this law suit when DeMARCO ceased paying on the first mortgage.

10. Accordingly, the Court finds that this entire law suit was a well thought out scheme by ROBERT L. DeMARCO to fraudulently use the dignity and legal processes of the Court to seek to perpetrate a fraud upon the Defendant, and thereby foreclose her one-half interest in the subject realty.

Upon these facts, it is hereby

ORDERED AND ADJUDGED as follows:

1. The claim of the Plaintiff, EDWARD WHITE, as contained in the Third Amended Complaint (Docket entry #9) is hereby dismissed with prejudice.

2. The mortgage from ROBERT L. DeMARCO to Boca Raton Federal Savings and Loan Association, recorded in Official Record

Book 2515, Page 166, of the Public Records of Palm Beach County, Florida, and subsequently assigned to City Federal Savings and Loan Association, by merger, in Official Records Book 3698, Page 1945, and EDWARD WHITE, by assignment, in Official Record Book 3961, Page 1373, is hereby satisfied and discharged.

3. The Plaintiff, EDWARD WHITE, is directed to execute and deliver a satisfaction of the mortgage dated March 5, 1976, within thirty (30) days of the date of this Judgment to the attorneys for CAROL SUE SCHUBERT, GLICKMAN, WITTERS and MARELL.

4. The mortgage from ROBERT L. DeMARCO dated February 24, 1978 and recorded in Official Record Book 2820, Page 1432, of the Public Records of Palm Beach County, Florida, and the mortgage dated March 12, 1979, and recorded in Official Record Book 3023, Page 141, of the Public Records of Palm Beach County, Florida, were given without legal consideration to ROBERT L. DeMARCO, and are therefore invalid. *Pelle v. Glantz*, 349 So.2d 732 (Fla. 3rd DCA 1977).

5. The conveyance of the two mortgages by ROBERT L. DeMARCO to his corporation, DeMARCO BROTHERS, INC., were made with the intent to delay, hinder or defraud the creditors of ROBERT L. DeMARCO and are void pursuant to Florida Statute Section 726.01 (1984). *J.I. Kelley Co. v. Pollock & Bernheimer*, 40 So. 934 (Fla. 1909), *Fleming v. Otis Elevator Co.*, 145 So. 201 (Fla. 1933), *Matter of Flanzbaum*, 10 B.R.420 (Bkrtcy. S.D. Fla. 1981), *Matter of Acquafredda*, 26 B.R. 909 (Bkrtcy. M.D. Fla. 1983).

6. DeMARCO BROTHERS, INC. shall execute and deliver satisfactions of mortgage for the two mortgages, within thirty (30) days of the date of this Judgment to the attorneys for CAROL SUE SCHUBERT, GLICKMAN, WITTERS and MARELL.

7. The Court reserves jurisdiction for the purpose of taxing costs in this matter.