711 So.2d 616 (1998)
B.M., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 97-1561.
District Court of Appeal of Florida, Third District.
May 20, 1998.
*617 J. Rafael Rodriguez, Miami, for appellant.
Robin H. Greene, Miami, for appellee.
Before NESBITT, COPE and SHEVIN, JJ.
PER CURIAM.
B.M. (Mother) appeals the trial court's order adjudicating B.M.'s two youngest daughters, Baby B.K. (four months old) and B.K. (four years old), (Children) as dependent. Mother alleges that (1) the trial court erred in permitting the Department of Children and Families (Department) to call her as a witness, without notice or subpoena, at the dependency hearing; and (2) there was insufficient evidence to support a finding of dependency. We affirm.
Although we agree with the Mother that the Department technically violated Juvenile Procedure Rule 8.245(a)(2)(A)[1] because it did not list the Mother as a witness for the dependency proceeding, we do not agree that this omission warrants a reversal. First, failure to adhere to a procedural rule is not reversible error unless violation of the rule resulted in prejudice to the party. See Richardson v. State, 246 So.2d 771, 773 (Fla. 1971). Here, the Department and the court believed that because the Mother was a party to the dependency hearing, she did not need to be included on the witness list. This belief, though incorrect, is understandable and makes intuitive sense, as the purpose of disclosing the witness list is undoubtedly to give notice to the adverse party as to who the witnesses will be and, obviously, that party knows that she herself is a "person known to have information relevant to the proof of defense of the [dependency] petition's allegations." Fla. R. Juv. P. 8.245(a)(2)(A).
More importantly in the instant case, compliance with this rule was waived by the Mother. When the Mother's counsel objected to the Department's calling the Mother as a witness, the Department requested a continuance in order to provide such notice and to permit Mother's counsel more time to prepare for the hearing. Mother's counsel *618 objected to a continuance and said that the Mother was prepared to go to trial that day. Thus, any possible argument of prejudice to the Mother or her case was effectively waived by her counsel's insistence on going forward. The Mother cannot now complain that she had inadequate notice or was not prepared for trial; she cannot have her cake and eat it too.
The Mother's contention that there was insufficient evidence to support a finding of dependency for the Children is without merit. We believe that there was more than sufficient evidence. Initially, we point out that it was because Baby B.K. was born with cocaine in her system that the Department initiated the dependency investigation and proceedings. The Mother was an admitted long-time narcotics usercocaine, crack cocaine and marijuanawho had not achieved positive results in several drug treatment programs. She routinely neglected the Children due to her continued drug and alcohol use. She admitted to consuming cocaine and alcohol at the same time and admitted that she used narcotics while pregnant, even though she knew this could harm her baby. Further, the Mother removed Baby B.K. from the court-ordered custody of a relative without the court's permission. In our view, these factors certainly constituted sufficient evidence that the Children were at prospective risk of neglect and they support the trial court's adjudication of dependency.
For the foregoing reasons, we affirm.
NOTES
[1] Florida Rule of Juvenile Procedure 8.245 reads, in part:

(a)(2) The following information shall be disclosed by any party upon demand: (A) The names and addresses of all persons known to have information relevant to the proof or defense of the [dependency or termination of parental rights] petition's allegations.