POLEN, Judge.
Wife, Sila Nicholson, timely appeals from a Final Judgment of Dissolution of Marriage. Of the five points she raises on appeal, we find her first argument, that the trial court abused its discretion in denying her a continuance of trial, dispositive. We, therefore, limit our discussion to that issue.
The parties were married in 1990 and separated in 1996. They have one minor child. Both parties sought dissolution of the marriage and primary residential custody of the child. The wife also sought alimony, equitable distribution of assets and debts, attorney’s fees and costs.
The final hearing was set for May 5, 1997. On May 3, 1997, wife’s attorney moved to withdraw from wife’s representation. At the final hearing, wife’s counsel moved ore terms for a continuance, informing the court that the wife had fired her as her attorney, and that the wife was unable to be physically present at the hearing because she was recently involved in a car accident. The Guardian Ad Litem, who was appointed less than 30 days before on an “emergency” order of the court, also told the court she was not ready to go to trial and needed more time to examine the parties and the child. She explained she had not even visited the hus *124 band’s home yet. The court denied the motion for continuance, and trial proceeded.
After hearing testimony from the Guardian and the husband, the trial court entered the Final Judgment of Dissolution of Marriage in which it awarded the husband temporary primary residential custody of the child and child support in the amount of $1.00 per week. It further placed restrictions on the wife’s visitation, denied her attorney’s fees and costs, and ordered that both parties keep the assets currently in their possession and be responsible for the debts in their own names. It then granted wife’s attorney’s motion to withdraw.
Generally, trial courts have discretion with respect to granting a continuance and, ordinarily their discretion in this regard will not be overturned by an appellate court. Diaz v. Diaz, 258 So.2d 37, 38 (Fla. 3d DCA 1972). In this ease, we believe the court abused its discretion in not continuing trial, especially since the Guardian informed the court she was unprepared to testify, there was no emergency which required proceeding with the hearing, and the requested postponement would not have prejudiced husband. Accordingly, we vacate the final judgment and remand this case for a new trial.
REVERSED and REMANDED.
TAYLOR, J., and FRUSCIANTE, JOHN A., Associate Judge, concur.