723 So.2d 901 (1999)
Carl E. CLARK, Appellant,
v.
LAKE CITY POLICE DEPARTMENT, Appellee.
No. 97-4858.
District Court of Appeal of Florida, First District.
January 8, 1999.
*902 David C. Braun, Lake City, for appellant.
Robert L. Jarvis, Jr., Live Oak, for appellee.
WOLF, J.
Appellant raises two points on appeal from a final judgment of forfeiture, only one of which has merit. Appellant first asserts that the trial court erred in denying his motion for summary judgment because the state did not file the forfeiture action in a timely manner within 45 days as required by section 932.703(3), Florida Statutes. We find that the record reflected that disputed issues of fact exist concerning the reason for any delay in filing of the forfeiture proceeding. We, therefore, determine that the trial court did not err in denying appellant's motion for summary judgment. The second issue is whether the trial court erred when it struck all of appellant's pleading and entered a default final judgment against him. We find that the severe sanction imposed in this case was not justified, reverse the order imposing sanctions, and remand for further proceedings.
On September 25, 1996, the appellee, Lake City Police Department, filed an action for forfeiture of appellant's 1991 Ford truck under chapter 932, Florida Contraband Forfeiture Act. On July 9, 1997, 37 days after appellee made a request for admissions, appellant responded to the request. On July 10, 1997, appellee filed a motion to determine sufficiency, motion to strike, and motion for sanctions, seeking to strike appellant's response to the request for admissions.
On September 9, 1997, by agreement of the parties, the trial court ordered appellant to file within 30 days a supplemental response to the request for admissions. Appellant, however, did not file the supplemental response until immediately before a hearing on the alleged discovery violation held on November 17, 1997. In the supplemental response, appellant's attorney stated that he failed to file a timely response because he had mislaid the order, he had not calendared the actual due date, and he had trouble contacting his client. No further evidence was presented concerning appellant's untimely response to the discovery order.
On November 17, 1997, the court found appellant in contempt based on his failure to file a response within 30 days of the order. The court struck all of appellant's pleadings and entered a default judgment against appellant. Final judgment was then entered for appellee, granting forfeiture of the appellant's truck.
A trial court's order dismissing a case for failure to comply with discovery will only be reversed upon finding an abuse of discretion by the trial court; however, because of the severity of the sanction, it should only be employed under extreme circumstances. See Mack v. National Constructors, Inc., 666 So.2d 244, 245 (Fla. 3d DCA 1996). In Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983), the Florida Supreme Court described what would constitute such extreme circumstances:
A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness.
(Citations omitted).
Because of the severity of the sanction, orders striking pleadings should contain specific findings of a willful failure or deliberate refusal to comply with discovery. See Commonwealth Federal Sav. and Loan *903 Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla. 1990). A pattern of disregard or deliberate disregard by the client as opposed to an attorney will support an affirmance of such an order. See Mercer, supra; Bailey v. Woodlands Co., Inc., 696 So.2d 459 (Fla. 1st DCA 1997). Absent evidence of a willful failure to comply or extensive prejudice to the opposition, however, the granting of such an order constitutes an abuse of discretion. See Neal v. Neal, 636 So.2d 810, 812-813 (Fla. 1st DCA 1994). It also has been found to be an abuse of discretion to strike pleadings where a litigant is punished for the failure of counsel, see Beasley v. Girten, 61 So.2d 179, 180-181 (Fla.1952), or where there is only a single failure to comply which did not result in extreme prejudice to the other side. See Neal, supra at 812; Kilstein v. Enclave Resort, Inc., 715 So.2d 1165, 1169 (Fla. 5th DCA 1998).
In the instant case, there had only been one court order concerning discovery. Appellant responded to the order. While the response was untimely, the record reflects that counsel took responsibility for much of the delay in filing a response. There is no indication in the record that the client was even aware of the prior order or that the difficulty in communication between the attorney and the client was the client's fault. Under these circumstances, the trial court erred in striking appellant's pleadings and entering a default. We, therefore, reverse and remand for further proceedings.
WEBSTER and LAWRENCE, JJ., concur.