SCHWARTZ, Chief Judge.
The defendants appeal from an adverse money judgment entered after the trial judge had stricken their pleadings because of alleged discovery violations. As to the individual defendant, that action was erroneous because he was not given appropriate notice. Hully v. Hully, 653 So.2d 1138 (Fla. 2d DCA 1995). More important, the record demonstrates that the violations (a) primarily concerned the appellants’ failure timely to produce material in support of their own case and thus could not have prejudiced their opponents (b) for by far the most part, had been corrected at the time of the hearing and (c) were not caused by the willful acts of the appellants, but were rather solely the fault of their then-counsel. In these circumstances, the severity of the sanction was a clear abuse of discretion. Commomoealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271 (Fla.1990), and cases cited; Clark v. Lake City Police Dep’t, 723 So.2d 901 (Fla. 1st DCA 1999), and cases cited; Sinatra v. Ikaros Aviation, Inc., 723 So.2d 358 (Fla. 3d DCA 1998). See generally Summit Chase Condominium Ass’n, Inc. v. Protean Investors, Inc., 421 So.2d 562 (Fla. 3d DCA *849 1982)(Schwartz, C.J., concurring in part and dissenting in part).
Accordingly, the judgment under review is reversed and the cause is remanded for appropriate disposition on the merits.
Reversed. ■