784 So.2d 479 (2001)
S.S. and M.G., Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
Nos. 4D00-3565, 4D00-3566.
District Court of Appeal of Florida, Fourth District.
March 14, 2001.
Victoria A. Vilchez, West Palm Beach, for appellant S.S.
Frank A. Kreidler, Lake Worth, for appellant M.G.
Charles D. Peters, Department of Children and Family Services, West Palm Beach, for appellee.
HAZOURI, J.
Appellants, M.G. and S.S., appeal from an order terminating their parental rights to their child pursuant to a petition filed by the Department of Children and Families (DCF). They raise four issues on appeal. Among the issues raised is whether the trial court abused its discretion in not granting appellants' motions for continuance. We hold that the trial court abused its discretion and reverse and remand for a new trial. As a result, the other points raised are moot and do not require discussion.
Prior to trial, appellants were provided with discovery including a witness list pursuant to their continuing demands for discovery. The trial was set to begin on August 7, 2000. On August 2, 2000, DCF filed an amendment to its discovery response which, in addition to previously undisclosed taped statements of the parties, added several new witnesses including a new expert witness, Dr. Phillip Colaizzo. Counsel for each of the appellants informed the court that they did not receive the amendment until August 4, the Friday before the trial was set to start on Monday.
On the morning of August 7, 2000, when court convened for trial, appellants objected *480 to the untimely discovery response and moved to strike the added witnesses. Appellants also moved for a continuance. The court granted a recess until 1:30 P.M. to give appellants' counsel the opportunity to depose Dr. Colaizzo and review the previously undisclosed taped statements. Due to time constraints, appellants' counsel only briefly spoke with Dr. Colaizzo. Upon returning to court, appellants renewed their motion for continuance arguing that they did not have sufficient time to review the tapes, interview the other witnesses and depose Dr. Colaizzo. The motion was denied.
The trial proceeded with Dr. Colaizzo as DCF's first witness as an expert on child maltreatment. Although he never examined the child, he testified that the father's version of how the child accidentally sustained his injuries was inconsistent with the pattern of the burn injuries. Dr. Colaizzo opined that the injuries had been intentionally inflicted because of what he called the "immersion theory" which he claimed explained the burn pattern on the child's feet and buttocks. The trial court's order terminating parental rights relies heavily on the "immersion theory." Appellants had no prior notice of Dr. Colaizzo or his opinion and were not afforded the opportunity to retain an expert to refute the "immersion theory."
Under Florida Rule of Juvenile Procedure 8.245(b)(2)(A), the parties are required to disclose upon demand persons known to have information relevant to the proof or defense of the allegations of a termination of parental rights petition. See, e.g., B.M. v. Dep't. of Children and Families, 711 So.2d 616 (Fla. 3d DCA 1998). Although the juvenile rules do not provide for a Richardson hearing, J.L. v. Dep't of Children and Family Servs., 707 So.2d 342 (Fla. 4th DCA 1997), the third district in B.M. stated that "failure to adhere to a procedural rule is not reversible error unless violation of the rule resulted in prejudice to the party," citing Richardson v. State, 246 So.2d 771, 773 (Fla.1971). B.M., 711 So.2d at 617.
We find that there was prejudice to appellants because they were not given the opportunity to prepare for this testimony or obtain an expert of their own.
REVERSED AND REMANDED.
STEVENSON and GROSS, JJ., concur.