793 So.2d 1033 (2001)
Marjorie KAMHI, Appellant,
v.
WATERVIEW TOWERS CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 4D00-2487.
District Court of Appeal of Florida, Fourth District.
July 18, 2001.
Rehearing Denied October 1, 2001.
*1034 Diane H. Tutt and Sharon C. Degnan of Diane H. Tutt, P.A., Plantation, for appellant.
Daniel S. Rosenbaum and Laurie Stilwell Cohen and of Becker & Poliakoff, P.A., West Palm Beach, and Ronald Ponzoli, Jr. and Geoffrey B. Marks of Cole White & Billbrough, P.A., Miami, for appellee.
SHAHOOD, J.
We reverse the permanent injunction entered against Marjorie Kamhi on the grounds that the trial court abused its discretion in denying her request for a continuance and by entering sanctions against Kamhi which prohibited her from presenting evidence and proffering testimony. We affirm the trial court's dismissal of Kamhi's amended counterclaim as well as its award of attorney's fees to Waterview Towers Condominium Association in defense of the amended counterclaim.
This case involves a long-standing dispute between Waterview and Kamhi, a Waterview unit owner, over Kamhi bringing her dog, which weighed in excess of *1035 the 25 pound limitation, into her unit and into or through the Condominium property. The latest controversy which was the subject of this appeal concerned Kamhi continuing to leash her dog to her automobile in the condominium parking garage in violation of condominium rules.
Waterview filed a second action for injunctive relief against Kamhi alleging that she repeatedly violated the pet control rule as well as the trial court's final order adopting a stipulation for settlement from a prior action for injunctive relief, which enjoined Kamhi from bringing her dog through or into Waterview. Kamhi filed an amended counterclaim for injunctive relief and damages based on harassment. Kamhi alleged that the sole purpose of an amended pet control rule was to harass her and cause injury. Final judgment was entered dismissing Kamhi's amended counterclaim with prejudice and awarding Waterview attorney's fees in defense of the counterclaim.
On September 3, 1999, the matter was set for trial on the court's nonjury trial docket beginning February 21, 2000. The trial court entered its pretrial order at that time setting various pretrial deadlines, including the deadline for filing witness and exhibit lists. Under the terms of the Order, witness and exhibit lists were due no later than December 10, 1999.
Prior to the deadline, Kamhi's first counsel filed a motion to withdraw due to irreconcilable differences. Although still counsel of record, Kamhi's counsel did not file any witness or exhibit lists. On December 13, 1999, the trial court granted counsel's motion to withdraw as counsel of record. Shortly thereafter, Kamhi secured the representation of another attorney. According to Kamhi, her new counsel appeared at a January 11, 2000, status conference and moved to continue trial which was opposed by Waterview. The trial court denied the continuance.
On January 12, 2000, Waterview moved to compel Kamhi to file and serve her exhibit and witness lists which were due on December 10, 1999, pursuant to the court's order. By agreed order dated January 18, 2000, Kamhi was to file and serve her witness and exhibit lists no later than January 20, 2000. Kamhi's second attorney failed to timely file her witness and exhibit lists in accordance with the agreed order. Kamhi's second attorney filed a motion to withdraw which was heard on January 26, 2000, and granted on January 31, 2000. At that January 26 hearing on the motion to withdraw, Waterview's counsel was instructed by the court to provide Kamhi with a copy of the September 3, 1999, order setting nonjury trial and directing pretrial procedures. The pretrial order was sent to Kamhi on January 27, 2000.
On January 26, 2000, the same day as the hearing on the motion to withdraw, Waterview moved for sanctions against Kamhi for her failure to comply with the court's January 18, 2000, order to timely file and serve her exhibit and witness lists by January 20, 2000. Waterview's certificate of service stated that the motion was mailed and faxed to Kamhi's counsel and mailed to Kamhi on January 24, 2000.
On January 31, 2000, the trial court granted Waterview's motion for sanctions. Kamhi did not attend the hearing. The court ordered that:
Defendant, Marjorie Kamhi, shall not be entitled to present evidence or proffer testimony as a result of Defendant's failure to abide by this court's orders dated September 3, 1999 and January 18, 2000. Plaintiff is awarded attorney's fees of $337.50 for attorney's fees to be assessed against Defendant, Marjorie Kamhi, for which let execution issue. The court has considered the requirements set forth by the Florida Supreme Court in Roe v. Florida Patient's Compensation *1036 Fund in establishing this fee award.
On February 10, 2000, Kamhi, now representing herself pro se, moved for another continuance claiming that the case was with the Attorney General and that a continuance was necessary until a determination was rendered by the Attorney General. Waterview opposed the motion claiming that no one had been contacted by the Attorney General's office and that no one from that office filed an appearance in the case. Said continuance was denied on February 22, 2000.
On March 1, 2000, Kamhi moved to reverse the sanctions against her and for a continuance in order to get legal representation. She claimed that she was unaware that her former attorneys failed to file the necessary pretrial documents. Further, she claimed that she was never advised in a timely fashion of the hearing on the motion for sanctions. Kamhi requested a three-month continuance, claiming that she found an attorney who agreed to represent her only if she could get a continuance in order to accommodate his trial schedule. Following a hearing, the trial court denied Kamhi's request and ordered that the case proceed as scheduled on March 10th.
In keeping with the court's order, Kamhi was unable to present any evidence or proffer testimony in defense of Waterview's claim for injunctive relief. At the start of trial, over Kamhi's objection, Waterview received permission to call its witness on attorney's fees out of turn, prior to presenting any evidence on the main claim. The trial court granted Waterview's injunction and enjoined Kamhi from leashing her dog to her automobile in the parking garage and leaving him unattended. Waterview was also held to be the prevailing party and entitled to attorney's fees. We reverse these decisions.
When a party fails to comply with an order, the trial court has a broad spectrum of sanctions to impose, although the sanction chosen must be commensurate with the offense. See St. Mary's Hosp., Inc. v. Brinson, 685 So.2d 33, 35 (Fla. 4th DCA 1996). Although striking a party's pleadings is the most severe sanction, it is appropriate where the offending conduct is flagrant, willful or persistent. See id. "A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness." Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983) (citations omitted). Absent evidence of a willful failure to comply or extensive prejudice to the opposition, however, the granting of such an order constitutes an abuse of discretion. See Clark v. Lake City Police Dep't, 723 So.2d 901, 902 (Fla. 1st DCA 1999). It also has been found to be an abuse of discretion to strike pleadings where a litigant is punished for the failure of counsel, or where there is only a single failure to comply which did not result in extreme prejudice to the other side. See id.
Although the trial court in this case did not strike Kamhi's pleadings, its order prohibiting her from presenting evidence and proffering testimony was tantamount to the severest of sanctions. In its motion for sanctions, Waterview never pled prejudice or any basis for sanctions which included the striking of Kamhi's answer, entering a default or preventing Kamhi from presenting evidence or testimony at trial. At no time did the court make any findings that Kamhi consciously and deliberately disregarded the trial court's order to submit her witness and exhibit lists or that she acted in bad faith. Moreover, her failure to timely comply with the court's order was more a failure by her attorneys. In each instance, Kamhi was still represented *1037 by counsel when she failed to timely serve her witness and exhibit lists.
After her failure to comply with the agreed order of January 20, 1999, Waterview moved for sanctions for Kamhi's failure to comply with the court's order. In the interim, Kamhi's counsel moved to withdraw. Notice of the motion for sanctions was mailed to her and her attorney on January 24, 1999. Kamhi did not attend the January 31, 1999, hearing when sanctions were ordered. Kamhi in her motion to reverse sanctions, claimed that she had not been aware that her attorneys failed to timely file the necessary pretrial documents and that she did not timely receive notice of the hearing for sanctions.
Given the circumstances present in this case, the sanction chosen by the trial court was not commensurate with the offense. Thus, it was an abuse of discretion for the trial court to enter such a harsh sanction.
We also hold that the trial court abused its discretion in denying Kamhi's motion for a continuance in order to obtain legal representation. See Fennie v. State, 648 So.2d 95, 97 (Fla.1994)(an appellate court will not disturb a trial court's denial of a defendant's request for a continuance unless the defendant establishes that the denial constitutes a palpable abuse of discretion). The complaining party bears the burden of showing that he was prejudiced by the court's abuse of discretion. See Clarke v. Sanders, 363 So.2d 843 (Fla. 4th DCA 1978). Special circumstances sometimes exist, in which the denial of a motion for continuance creates an injustice for the movant. In such circumstances, the court's obligation to rectify the injustice outweighs its policy of not disturbing a trial court's ruling on a continuance. See e.g. Silverman v. Millner, 514 So.2d 77, 78 (Fla. 3d DCA 1987)(abuse of discretion to deny motion for continuance where employer suffered sudden and unforeseeable stroke, and where employer's testimony was necessary). Here, given the fact that Kamhi was erroneously precluded from presenting any case, her request for a three-month continuance in order to obtain new counsel was not an attempt, as argued by Waterview, to unduly delay or prejudice Waterview's case.
Because this matter must be remanded for further proceedings, and the issue might arise again, we find it necessary to briefly note that it was error for Waterview to be allowed to prove entitlement and reasonableness of its attorney's fees prior to putting forth any evidence on its claim for injunctive relief and prior to any determination as to the prevailing party. See Cheek v. McGowan Elec. Supply Co., 511 So.2d 977, 979 (Fla.1987)(a contractual provision authorizing payment of attorney's fees is not part of the substantive claim for damages because it is only intended to make a successful party whole by reimbursing him for the expense of litigation and can only be recovered after the determination of a prevailing party has been made.).
Lastly, we affirm the dismissal of Kamhi's amended counterclaim with prejudice based on her failure to state a cause of action for injunctive relief based on harassment. See Cummings v. Dawson, 444 So.2d 565 (Fla. 1st DCA 1984)("actionable harassment" is a non-existent cause of action in Florida). Because we affirm the dismissal of Kamhi's amended counterclaim, we likewise affirm Waterview's award of attorney's fees in defense of the amended counterclaim.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.
DELL and GUNTHER, JJ., concur.