830 So.2d 839 (2002)
Margaret L. FASIG, Appellant,
v.
Donald Lee FASIG, Appellee.
No. 2D00-3779.
District Court of Appeal of Florida, Second District.
June 14, 2002.
Rehearing Denied November 14, 2002.
*840 Karol K. Williams, Tampa, for Appellant.
Robert L. Donald, Fort Myers, for Appellee.
DAVIS, Judge.
Margaret L. Fasig, the wife, appeals the final judgment of dissolution of marriage arguing that the trial court abused its discretion in denying her a continuance of the final hearing. We agree and reverse.
The parties were married in March 1969 and separated in April 1994. Although separated, the parties filed a joint petition for bankruptcy in October 1997. The husband filed his petition for dissolution of the marriage in November 1998; however, the divorce proceedings were temporarily delayed until the bankruptcy was concluded by final judgment on July 28, 1999.
The wife's answer included a three-count counterpetition naming as defendants several corporations in which she alleged either the marriage or the husband held an interest, the husband's girlfriend, and a corporation owned by the husband's girlfriend.[1] After the trial court denied numerous motions to dismiss filed by the several defendants, the matter was set for mediation and trial. The scheduled mediation was initially continued and ultimately canceled. Trial was set for June 20, 2000. On May 30, 2000, the wife moved for a continuance of trial, suggesting that discovery was still incomplete.
A hearing was held on June 19, 2000, on the wife's motion to continue. Counsel for the wife argued that the husband had failed to timely comply with certain financial disclosures as required by Florida Rules of Civil Procedure, thus preventing the wife from preparing her case. The husband had filed with the court his disclosure on June 14, 2000, and included tax returns for several years for three of the named corporations. However, he failed to provide returns for some of the years in question, including 1999. At the hearing, counsel argued that the late filing had prevented the wife's expert from properly examining the returns and preparing an opinion as to the value of the corporations and the potential income for the husband for alimony determination. The affidavit from the wife's expert indicated she needed more information and more time; however, the "preliminary indications" were that most of the corporations were worth more than the $10 that each was valued at on the husband's financial affidavit. The trial court denied the continuance.
At trial the next day, the wife's counsel again asked for a continuance. The wife was not present, and her counsel could not explain her absence. He again argued that he had not completed discovery, partially due to the late filing by the husband. The trial court proceeded with the trial, taking testimony from the husband. The husband's testimony and financial affidavit indicated that he only owned an interest in four of the named corporations and that three of those corporations were valued at $10 each at the time the petition was filed, while the fourth was valued at $2000. At the conclusion of the trial, the trial court again denied the wife's motion for continuance. The trial judge reasoned that because the joint petition the parties filed in the bankruptcy proceedings had listed the value of each of these corporations at $10, the testimony from the wife and her expert would offer only an indication of the value at the time of trial, a value that was not *841 relevant for the purposes of equitable distribution. Further, the trial court was concerned that the wife did not appear at the trial and that she did not advise her attorney as to the reason for her absence.[2]
The trial court determined that due to the minimal value of the several corporations, the marital interest in these should be awarded to the husband. The wife also had a corporation through which she operated an interior design business. As requested by the husband, the marital interest in that corporation was awarded to the wife. The final judgment also recognized that the husband had a personal Internal Revenue Service (IRS) liability in excess of $80,000 resulting from a negotiated settlement with the IRS regarding the parties' joint returns for a period of several years.[3] The final judgment required that the husband hold the wife harmless for this liability. Finally, the trial court reserved jurisdiction on the issue of alimony until the husband's 1999 corporate tax returns could be completed.
After the trial court denied her motion for a new trial, the wife appealed the final judgment.[4] She argues that the trial court abused its discretion in denying her the requested continuance of trial. The husband, however, points out that the wife had not made any attempt to compel discovery from the husband and that the wife's absence from the trial indicated her lack of good faith in bringing the case to conclusion.
The standard of review for the denial of a continuance is abuse of discretion. Webb v. State, 433 So.2d 496 (Fla. 1983). To reverse the trial court's denial of a motion for continuance under normal circumstances, this court must find a "clear showing of a palpable abuse of this judicial discretion." Id. at 498. However, in certain circumstances, the denial may create an injustice which outweighs the policy of not disturbing the trial court's ruling. Silverman v. Millner, 514 So.2d 77 (Fla. 3d DCA 1987). The wife argues that such is the case here, and we agree.
The trial court's denial below prohibited the wife from presenting any case whatsoever. A review of the husband's testimony on cross-examination reveals several inconsistencies between his testimony and his filed financial affidavit as to the assets of the corporations. Likewise, the testimony indicated that the corporations *842 were in fact ongoing businesses with significant gross revenues which raised the issue as to the value of these corporations. Finally, the testimony indicated that the husband may have income that he had not disclosed.[5] In light of these questions and inconsistencies, the denial of the continuance, in effect, denied the wife her due process right to be heard and must be reversed. See Pettry v. Pettry, 706 So.2d 107 (Fla. 5th DCA 1998).
This court does not condone the wife's cavalier attitude toward the trial. Additionally, this court recognizes the need to allow trial judges broad discretion to manage their dockets to insure that matters are timely resolved. However, the facts of this case are extreme and require that the wife be given the opportunity to be heard. To have granted the continuance would not have prejudiced the husband, and there was no emergency requiring the immediate resolution of the matter.[6] Accordingly, the motion for continuance should have been granted. See Nicholson v. Nicholson, 717 So.2d 123 (Fla. 4th DCA 1998). The final judgment is reversed and the matter remanded for new trial.
Reversed and remanded.
SALCINES and COVINGTON, JJ., Concur.
NOTES
[1] In the counterpetition, count one was styled as a petition for dissolution of marriage, count two was labeled as a joinder of corporations, and count three was designated as an action for resulting trust or constructive trust.
[2] In her motion for a new trial, the wife explained that her flight home scheduled for June 19, 2000 (the day before trial), was canceled due to mechanical difficulties and that due to the limited size of the airport, there were no other flights returning to Florida until the day of trial. There was no explanation as to why she did not call her attorney to explain her predicament.
[3] Although the IRS determined that the marriage owed in excess of $2.5 million in back taxes, penalties, and interest, a settlement was reached in the bankruptcy proceedings by which the husband agreed to be personally and solely responsible for the reduced liability of approximately $83,000.
[4] The husband moved to dismiss the appeal, arguing that the final judgment was nonappealable due to the reservation of jurisdiction on the alimony issue. This court relinquished jurisdiction to the trial court to allow for a determination of the alimony question. When again before the trial court, the wife asked to be allowed to present her own expert on the issue of the valuation of the corporations and the income of the husband. The trial court refused, indicating that the only question to be addressed was whether the 1999 corporate tax returns reflected additional income to the husband that should be considered. Finding the returns to be without impact, the trial court denied the wife's request for alimony. The trial court did allow the wife's attorney to proffer the testimony of three witnesses the wife would have presented had she been granted either a continuance of the original trial or the opportunity to present her case on relinquishment.
[5] The proffer of the witnesses offered at the relinquishment hearing supports the conclusion that the wife has relevant evidence that should be considered prior to any determination as to the value of the marital interests in the corporations and the actual income of the husband.
[6] On June 2, 2000, the husband filed a motion to advance the case on the docket due to the fact that he was sixty-nine years old at the time. He further suggested that since he was being treated for prostate cancer, the matter should proceed to trial. The motion was never heard by the trial court, and no determination was made that this created an emergency. The motion was filed in response to the wife's motion for continuance, prior to the husband's filing of the mandatory financial disclosure information.