PER CURIAM.
S.W. appeals a final judgment terminating her parental rights. We affirm.
The appellant mother argues that she should be granted a new trial because the appellee Department of Children and Family Services (“the Department”) failed to produce in discovery a letter from the therapist of one of the minor children, V.W. The letter recommended that V.W. have continued visitation with her mother, provided that the visitation would be closely supervised. The letter came to light after the termination trial but before the written judgment was entered.
The trial court found that there had been a discovery violation by the Department, but that the discovery violation had been unintentional. The judge (who was the same judge who conducted the termination of parental rights trial) ruled that in view of the other evidence in the case, the psychologist’s letter made no difference in the trial court’s determination that the mother’s parental rights should be terminated.
We conclude that the trial court’s denial of a new trial was within the court’s discretion. In this case the family was under court supervision. The mother absconded with the children to Illinois and resumed residing with the father, whose domestic violence had caused the need for protective services to begin with. Further problems ensued in Illinois, resulting in the intervention of the authorities in that state and, in turn, the children’s return to Florida. The determination by the trial court that the psychologist’s letter would not have had an impact on the case is supported by the record. See B.M. v. Dept. of Children and Families, 711 So.2d 616 (Fla. 3d DCA 1998).
The psychologist’s letter was pertinent to the issue of post-termination visitation, which the statute now allows. See § 39.811(7)(b), Fla. Stat. (2004). The guardian ad litem had, however, already recommended such visitation and it was ordered by the court. Under the circumstances here, we see no error in the denial of the request for a new trial.
To the extent that the mother complains about the trial court’s ruling regarding certain notes of the caseworker from the CHARLEE Program,* the trial court’s ruling was made at the mother’s request and no other or additional relief was sought in the trial court. The claim that the trial court should have excluded the witness is not a matter of fundamental *1183 error and cannot be raised for the first time on appeal. See C.M. v. Dept. of Children and Family Services, 854 So.2d 777, 780 (Fla. 4th DCA 2003).
Affirmed.

 CHARLEE stands for Children Have All Rights: Legal, Educational, Emotional. It is a nonprofit agency which provides children's services.