910 So.2d 865 (2005)
CITY OF OPA LOCKA and their Carrier, Unisource, Appellant,
v.
Alonso WILLIAMS, Appellee.
No. 1D03-4405.
District Court of Appeal of Florida, First District.
July 5, 2005.
Rehearing Denied September 2, 2005.
Christopher M. McShane and Edward D. Schuster, of Massey, Coican, & Schuster, LLC, Fort Lauderdale, for Appellant.
Erik Grindal, of Pemsler & Grindal, P.A., Coral Gables; and Jay M. Levy, of Jay M. Levy, P.A., Miami, for Appellee.
*866 BARFIELD, J.
We reverse the ruling of the Judge of Compensation Claims (JCC) that the employer/servicing agent (E/SA) waived their right to amend the pre-trial stipulation to assert defenses and to list witnesses and exhibits, on both of the grounds outlined in his final order awarding the claimant benefits. We find that the E/SA did not invoke the "pay-and-investigate" provision of section 440.20(4), and that any failure to respond to the petition for benefits (PFB) may not be considered as a waiver of the E/SA's defenses to the claims in the PFB, but only as a denial of the allegations in the PFB. See Bussey v. Wal-Mart Store # 725, 867 So.2d 542 (Fla. 1st DCA 2004), and the cases discussed therein. To the extent the JCC's ruling may be characterized as a sanction for the E/SA's failures to comply with pre-trial instructions from the JCC, we find that he abused his discretion by imposing this extreme sanction under the circumstances presented in this case. See Kozel v. Ostendorf, 629 So.2d 817 (Fla.1994); Hanna v. Industrial Labor Service, Inc., 636 So.2d 773 (Fla. 1st DCA 1994); Kelley v. Schmidt, 613 So.2d 918 (Fla. 5th DCA 1993).
Furthermore, we note that, consistent with Florida Administrative Code Rule 60Q-6.113(4), the original pre-trial stipulation which was signed by the parties and approved by the JCC included the stipulation, "Either party may amend this pre-trial without leave of court up to 30 days prior to final hearing." We find that, in light of the fact that the E/SA filed the motion to amend the pre-trial stipulation more than 30 days before the scheduled final hearing, the JCC abused his discretion in denying the motion.
The amended final order is REVERSED and the case is REMANDED to the JCC for further proceedings consistent with this opinion. Because the JCC's award of a $2,000 advance payment of indemnity benefits appears to have been based in part on his erroneous ruling that the E/SA had waived their rights to assert defenses and present evidence, we direct the JCC to reconsider that award on remand. We find that the JCC properly admitted into evidence the deposition testimony of Dr. Sandoval, but we direct the JCC to reconsider this testimony in light of any other expert witness testimony or other evidence presented on remand.
ERVIN and VAN NORTWICK, JJ., concur.