SCHWARTZ, Senior Judge.
The order below finding J.G., a seven-year-old girl, and D.G., her six-year-old brother, dependent as to their father, the appellant A.G., is reversed with directions to dismiss the proceeding.
I.
The totality of the appellees’ case concerning J.G. is evidence of a trivial incident in which A.G. inadvertently drove with the child to, and briefly stayed in, an area which evoked upsetting memories because she believed that a person who had molested her resided there,[1] and, having admittedly made that “mistake,” A.G. asked the child not to say anything about the incident, which exacerbated the child’s problems because the perpetrator had said the same thing after the acts of misconduct. As a result, a therapist testified, the child’s counseling program had suffered a “setback.”
There is nothing else, and what there is falls sadly short even of approaching either the willful parental abuse or neglect, on the one hand, or the significant impairment of the health of the child, on the other, which are both required to support a finding of dependency. § 39.01(2),[2] (14)(a),[3] (45),[4] Fla. Stat. (2003); see G.C. v. Dep’t of Children & Families, 791 So.2d 17 (Fla. 5th DCA 2001),[5] mandamus denied by Guardian ad Litem Program of Osceola County v. G.C., 807 So.2d 653 (Fla. 2002); A.M.T. v. State, 883 So.2d 302 (Fla. 1st DCA 2004);[6] Clock v. Clock, 649 So.2d 312 (Fla. 3d DCA 1995).[7]
*1239 II.
As to D.G., there is no evidence whatever.
Reversed.[8]

. Appellant had nothing to do with the sexual abuse.

. " 'Abuse' means any willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child’s physical, mental, or emotional health to be significantly impaired. Abuse of a child includes acts or omissions.” § 39.01(2), Fla. Stat. (emphasis added). " 'Harm' to a child's health or welfare can occur when any person: (a) Inflicts or allows to be inflicted upon the child physical, mental, or emotional injury .... (j) Negligently fails to protect a child in his or her care from inflicted physical, mental, or sexual injury caused by the acts of another.” § 39.01(30)(a), (j), Fla. Stat.

. " 'Child who is found to be dependent’ means a child who, pursuant to this chapter, is found by the court: (a) To have been abandoned, abused, or neglected by the child's parent or parents or legal custodians.” § 39.01(14)(a), Fla. Stat.

. " 'Neglect' occurs when a child is deprived of, or is allowed to be deprived of, necessary food, clothing, shelter, or medical treatment or a child is permitted to live in an environment when such deprivation or environment causes the child's physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired.” § 39.01(45), Fla. Stat. (emphasis added).

. The evidence showed that "the mother exercised extremely ‘poor judgment' in dealing with H.C. The mother exposed the children to the father [who was accused of sexually abusing H.C.] on at least two family outings .... Poor judgment on the part of a parent ... is not sufficient to establish mental abuse, as defined by Florida law." G.C., 791 So.2d at 20-21.

. "[A]lthough Appellant may have exercised poor judgment by allowing his 16-year-old stepson to drive 'up the street' without a license, there was no evidence this caused or was likely to cause the health of this child, or the health of the other children, to be signifi- • cantly impaired physically, mentally or emotionally. ‘The purpose of a dependency proceeding is not to punish the offending parent but to protect and care for a child who has been neglected, abandoned, or abused.'" *1239 A.M.T., 883 So.2d at 309 (quoting M.F. v. Fla. Dep't of Children & Families, 770 So.2d 1189, 1193 (Fla.2000)).

. "[W]e do not believe that the Florida legislature intended to subject an otherwise fit custodial parent to a charge of abuse under section 39.01(2) simply because the parent seeks to relocate his child against the child’s wishes. Accordingly, we hold that the mere act of relocating or separating a child from familiar surroundings by an otherwise fit and proper custodial parent against the child’s wishes does not constitute abuse....” Clock, 649 So.2d at 314-15.

. The appellant also challenges the exclusion of his expert witness Dr. Fadil, the director of the Gladstone Center, who — it was indicated at oral argument—would have testified that J.G. had not been harmed by the episodes in question. While the ruling, based on an alleged discovery violation which was plainly non-prejudicial and probably non-existent, was clearly error, see Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981); Taylor v. Mazda Motor of Am., Inc., - So.2d -, 2005 WL 2990900 (Fla. 3d DCA Case no. 3D04-2259, opinion filed, Nov. 9, 2005); City of Opa Locka v. Williams, 910 So.2d 865 (Fla. 1st DCA 2005); Progressive Consumers Ins. Co. v. Deco Natural Stone, Inc., 827 So.2d 336 (Fla. 3d DCA 2002); B.M. v. Dep’t of Children & Families, 711 So.2d 616 (Fla. 3d DCA 1998); cf. S.S. v. Dep’t of Children & Family Servs., 784 So.2d 479 (Fla. 4th DCA 2001), our ruling on the merits makes it unnecessary to deal directly with its effect.