SUAREZ, J.
The Plaintiff, Ruth Taylor, appeals the denial of a motion for continuance, an order striking the testimony of the plaintiffs witnesses and the granting of a directed verdict in favor of the appellee, Mazda Motor of America, Inc. (“Mazda Motor”). We affirm in part and reverse in part.
Ms. Taylor brought suit in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, against Mazda Motor for damages for breach of warranty after purchasing a new vehicle. At the time of the filing of the lawsuit, May 23, 2003, her attorney, Mr. Weisberg, was located in Chicago, Illinois, and planning to relocate his office to South Florida. On January 27, 2004, he filed a Notice of Unavailability stating that he would not be available during March 1, 2004, through May 1, 2004. On May 10, 2004, Weisberg served a notice requesting the setting of trial on the “next jury docket.” On May 25, 2004, the trial *520 court filed the Pre-trial Conference Order setting a pre-trial conference for July 7, 2004. The Order specifically provides:
THIS P.T.C. IS ALSO A CALL OF CALENDAR. THE TRIAL MAY BE SET IN AS SHORT A TIME AS 3 DAYS FROM P.T.C. BE READY FOR TRIAL.
[[Image here]]
VII. The parties shall complete ALL necessary discovery and complete all Court appointed examinations before the date of the Pre-Trial Conference and are prohibited from carrying on further discovery after the Conference. This may not be waived by stipulation of counsel.
[[Image here]]
IX. The Court will not consider motions for delay, inconvenience or other grounds for continuance, except those which are provided and mandatory under law. ALL requests for continuances must be in writing and must state the specific reason for the request.
On June 24, 2004, Mazda Motor noticed the taking of the deposition of plaintiff and her expert for June 29, and July 1, 2004. At the request of Weisberg, and in an effort to accommodate his schedule to move his office the week of June 21 through June 28, 2004, Mazda Motor agreed to cancel the depositions. Although correspondence between Weisberg and opposing counsel indicates that Weis-berg was in need of a continuance, and that counsel for the appellee had no objection to such, as she needed time to take discovery depositions due to Weisberg’s unavailability, she wrote advising him to file a motion with the court seeking a continuance. On July 2, 2004, Weisberg first moved to reschedule the pre-trial conference on grounds that it was not possible to schedule the deposition of the plaintiff prior to the pre-trial conference because he was relocating his office during that time period and would be unavailable. The trial judge never received the motion. Weisberg appeared before the trial judge at the pre-trial conference on July 7, 2004, and moved for a continuance on grounds that he was unprepared for trial as a result of the relocation. The trial judge denied the motion for continuance. The attorney for Mazda Motor explained to the judge that she had been unable to take the depositions of the plaintiff and plaintiffs expert due to Weisberg’s move and unavailability. The trial judge then granted Mazda Motor’s ore tenus motion to strike the trial testimony of the plaintiff and the plaintiffs expert (plaintiffs only two witnesses) on grounds that plaintiff had failed to submit them for deposition. Rather than take a voluntary dismissal, the plaintiff chose to go to trial. On. July 12, 2004, the matter went to trial and the plaintiff announced that she had neither witnesses nor evidence. The trial court then directed a verdict for Mazda Motor and entered final judgment in its favor. Taylor appeals the denial of the motion for continuance, the order striking the testimony of her witnesses and the granting of a directed verdict.
I.
The standard of review for the denial of a motion for continuance is abuse of discretion. Williams v. Gunn, 279 So.2d 69 (Fla. 1st DCA 1973); Fasig v. Fasig, 830 So.2d 839 (Fla. 2d DCA 2002). An appellate court will not interfere with a trial judge’s discretion, Diaz v. Diaz, 258 So.2d 37 (Fla. 3d DCA 1972), unless abuse is clearly shown. Buckley Towers Condo. Inc. v. Buchwald, 340 So.2d 1206 (Fla. 3d DCA 1976). We hold that appellant has not demonstrated an abuse of discretion by the trial judge below in denying her motion for a continuance. Although Taylor’s counsel had been corresponding with op *521 posing counsel about the possible need to reschedule the depositions and, impliedly, the trial, defense counsel advised Weisberg in a letter to ask the court for permission to continue the trial. No formal motion for continuance was filed until Weisberg moved to reschedule the pre-trial conference on July 2, 2004, which was approximately six weeks after the trial judge’s order setting the date of the conference, and only five days before the conference itself, which was set for July 7, 2004.[1] Moreover, the pre-trial order below specifically warned that the court would not consider “motions for delay, inconvenience or other grounds for continuance” unless mandatory or provided for under the law. Plaintiffs reason for requesting the continuance is not one that is mandatory or provided for under the law. In any event, since appellant’s July 2, 2004 motion to reschedule the pre-trial conference was never received by the trial judge, plaintiffs counsel’s appearance before the court when he moved for a continuance was the first time Weisberg successfully made the trial judge aware that he was not ready for trial.
It was, therefore, within the trial judge’s discretion to deny the motion for continuance in accordance with the terms of the pre-trial order. Rainey v. Roesall Corp., 71 So.2d 160 (Fla.1954); Buckley Towers, 340 So.2d at 1206; Edwards v. Pratt, 335 So.2d 597 (Fla. 3d DCA 1976); Diaz, 258 So.2d at 37; see Associated Television & Communc’ns, Inc. v. Cowden, 417 So.2d 1027 (Fla. 5th DCA 1982) (absent showing that modification of pre-trial order was proper, denial of motion for continuance not abuse of discretion).
II.
A trial court’s decision to impose sanctions is discretionary and the imposition of sanctions necessarily requires wrongdoing by the party being sanctioned. See Mercer v. Raine, 443 So.2d 944 (Fla.1983). Here, the trial judge struck the plaintiffs only two witnesses as a sanction for not making them readily available for deposition before the pre-trial conference in accord with the pre-trial order. While under some circumstances, it is within a trial judge’s discretion to impose sanctions for violations of orders relating to the pretrial conference, see First Republic Corp. v. Hayes, 431 So.2d 624, 626 (Fla. 3d DCA 1983), and cases cited, the issue, as in First Republic, is whether the sanction was appropriate under the circumstances in the present case. We conclude that it was not.[2] The sanction must be commensurate with the offense. See Progressive Consumers Ins. Co. v. Deco Nat’l Stone, Inc., 827 So.2d 336 (Fla. 3d DCA 2002) (striking primary witness for plaintiff and directing verdict for defendant out of proportion to magnitude of alleged offense for failure to include name on formal witness list); Kamhi v. Waterview Towers Condo. Ass’n, 793 So.2d 1033 (Fla. 4th DCA 2001) (order prohibiting defendant from, among other things, presenting testimony at trial too severe where no findings of deliberate disregard of trial court’s pre-trial order). Moreover, a litigant should not be punished for fault on the part of her counsel by such a severe sanction as striking her witnesses for non-compliance. Kamhi, 793 So.2d at 1036; Dollar Wise Travel, Inc. v. Al-Farooque, 731 So.2d 848 (Fla. 3d DCA 1999); First Republic, 431 So.2d at 627. *522 Instead of serving to punish plaintiffs counsel for his failure to follow the provisions of the lower court’s pre-trial order, which required all discovery to have been completed before the date of the conference, the court’s remedy punished the plaintiff by preventing the plaintiff from putting on her case. It would have been more appropriate in this case, considering the circumstances, to allow Mazda Motor to depose Taylor’s witnesses at any time prior to the commencement of the July 12 trial in order to eliminate any prejudice to either party. Because this option was not provided by the trial judge, and plaintiffs counsel refused the only option which was offered to him, that of taking a non-suit, Taylor was forced to proceed to trial without any witnesses. Because the trial court erred in striking plaintiffs witnesses, the directed verdict, which followed as a consequence of plaintiffs inability to put on her case, is reversed. Progressive, 827 So.2d at 336; Kamhi, 793 So.2d at 1033; Pascual v. Dozier, 771 So.2d 552 (Fla. 3d DCA 2000) (error to strike party’s only witness so as to be left unable to present evidence to support theory of case).
Affirmed in part, reversed in part.

. The Pre-trial Order was not issued by the trial judge sua sponte. It was issued in response to Weisberg's May 25, 2004 notice requesting the setting of trial on the "next jury docket.”

. This court is well aware of the heavy case load carried by trial judges and the need for the courts to move their dockets in the interest of the parties and justice. We are also aware and understand the frustrations experienced by trial judges in trying to accomplish this goal.