LAGOA, Judge.
Appellant, Maria Incarnacion (“Incarna-cion”), the defendant below, appeals an order dismissing the proceedings for In-carnacion’s counsel’s failm-e to appear at a case management conference. Because we find that the trial court abused its discretion in dismissing the proceedings, we reverse.
While a trial court’s decision to impose sanctions is discretionary, that discretion is not absolute. The imposition of sanctions requires wrongdoing by the party being sanctioned, and the sanction must be commensurate with the offense. See Mercer v. Raine, 443 So.2d 944 (Fla.1983); Cossio v. Arrondo, 53 So.3d 1141 (Fla. 3d DCA 2011); Taylor v. Mazda Motor of Am., Inc., 934 So.2d 518 (Fla. 3d DCA 2005).
Here, dismissal of Incarnacion’s action for her counsel’s failure to follow the trial court’s pre-trial order constitutes an abuse of discretion. While it is appropriate to strike a party’s pleading “where the offending conduct is flagrant, willful or persistent,” evidence must exist to justify this severest of sanctions. Cossio, 53 So.3d at 1144 (quoting Kamhi v. Waterview Towers Condo. Ass’n, 793 So.2d 1033, 1036 (Fla. 4th DCA 2001)). “Absent evidence of a willful failure to comply or extensive prejudice to the opposition, however, the granting of such an order constitutes an abuse of discretion.” Id. The record does not show that Incarnacion was in any manner responsible for her attorney’s non-compliance. Accordingly, we reverse and remand with instructions to reinstate Incar-nacion’s Amended Counterclaims and Third-Party Complaint.
Reversed and remanded.