PER CURIAM.
Thomas F. Scott appeals a final judgment entered for Reflections of Sebastian, LLC following a bench trial. The trial court barred Scott from presenting evidence or testifying at trial, as a sanction for Scott’s failure to comply with certain discovery deadlines. The trial court made a finding that the conduct was willful, although there was no evidence that it was. Moreover, the failure could be attributed to Scott’s prior counsel and therefore was not commensurate with the offense. We reverse the final judgment and the order imposing sanctions.
Reflections filed a complaint against Scott for breach of a promissory note. Scott filed a pro se answer but obtained counsel during discovery. After Scott failed to comply with several discovery deadlines in a pre-trial order, Reflections moved for sanctions. Neither Scott nor his counsel attended the hearing on the motion. Following the hearing, the court barred Scott from presenting any evidence or witnesses at trial. The court ruled Scott could testify on his own behalf if he allowed himself to be deposed by a certain date. The court did not find that Scott had acted willfully or contumaciously in failing to comply with the pre-trial order.
A few weeks later, and shortly before trial, Scott obtained new counsel. He moved to continue the trial and to vacate the sanctions order due to excusable neglect, contending that the missed discovery deadlines had been the fault of his prior counsel. Scott also asserted that his prior counsel had failed to inform him of the sanctions hearing or the resulting order.
When the parties appeared for trial, the court denied the continuance and did not allow Scott to present any evidence in support of his motion to vacate. The court also ruled Scott could not testify on his own behalf, finding Scott had not presented himself for deposition by the deadline in its prior order. This ruling was based on assertions by Reflections’ counsel, who contended Scott had made himself available only on the day of the court-ordered deadline, knowing that Reflections’ counsel was unavailable on that date. Scott’s counsel asserted he did not know of that unavailability, as it had been communicated only to Scott’s prior counsel. The court did not hear any evidence on these issues, but proceeded with trial and entered final judgment for Reflections. The final judg *1048 ment contained a finding that Scott’s failures to provide discovery and appear for deposition were “willful, deliberate, and contumacious and without reasonable justification for non-compliance.”
We review an order imposing sanctions for an abuse of discretion. Ham v. Dunmire, 891 So.2d 492, 495 (Fla.2004). Although a trial court may impose a “broad spectrum of sanctions” for failure to obey a court order, “[t]he sanction chosen must be commensurate with the offense.” Kamhi v. Waterview Towers Condo. Ass’n, 793 So.2d 1033, 1036 (Fla. 4th DCA 2001). An order barring a party from presenting evidence and testimony is “tantamount to the severest of sanctions,” and “[ajbsent evidence of a willful failure to comply or extensive prejudice to the opposition ... the granting of such an order constitutes an abuse of discretion.” Id. (citing Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983)); see also Cossio v. Arrondo, 53 So.3d 1141, 1145-46 (Fla. 3d DCA 2011) (finding order precluding defendant from presenting witnesses at trial other than herself and from introducing documents to be “one of the harshest that could have been imposed, effectively preventing [the defendant] from presenting her case”).
The trial court’s original sanctions order did not find that Scott’s failure to meet discovery deadlines was willful or contumacious. Although the court made a finding of willfulness in its final judgment, this finding was not supported by any evidence in the record, and indeed is contrary to Scott’s assertions of neglect by his former counsel. There is likewise no evidence to support a finding that Scott’s failure to present himself for deposition was willful. The only prejudice asserted by Reflections at trial was that Reflections was prepared to go to trial as scheduled and did not wish to wait.
This case is factually similar to Kamhi, where we reversed a similar sanctions order as an abuse of discretion. 793 So.2d at 1037. Given the lack of evidence of willfulness, and Scott’s assertions that the sanctioned behavior was the fault of his prior counsel, the court erred by entering such a harsh sanctions order and barring Scott from presenting any evidence or testimony without providing Scott with the opportunity to refute the allegations of willfulness.

Reversed and remanded.

WARNER, CIKLIN and GERBER, JJ., concur.