# Third District Court of Appeal

## State of Florida

Opinion filed February 11, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-161
Lower Tribunal No. 09-71430
_____

**Michael A. Ramos,**
Appellant,

vs.

**Ventures Trust,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Sarah I. Zabel, Judge.

Robin F. Hazel (Pembroke Pines), for appellant.

Kahane & Associates and H. Michael Muniz (Plantation), for appellee.

Before SUAREZ, EMAS, and LOGUE, JJ.

SUAREZ, J.

Michael A. Ramos appeals from a final judgment of foreclosure. We affirm.

In 2009, BankUnited, FSB filed its complaint in foreclosure against Ramos. At the same time, it filed a lost Note claim. The case was set for trial on December 19, 2013. On the day of trial, the Plaintiff Bank moved to substitute parties (now Venture Trust) and withdrew its affidavit of lost Note because it had found the original Note indorsed to Venture Trust. Ramos's attorney was a no-show at trial. Ramos asked the trial court to continue the trial, but the trial court did not. The next day, the trial court rendered the final judgment of foreclosure. On appeal, Ramos argues that due process requires a reversal and a remand to allow him to be represented by counsel at trial, in order to challenge the Bank's evidence of the original Note. The standard of review for the denial of a motion for continuance is abuse of discretion. Williams v. Gunn, 279 So. 2d 69 (Fla. 1st DCA 1973); Fasig v. Fasig, 830 So. 2d 839 (Fla. 2d DCA 2002); Taylor v. Mazda Motor of Am., Inc., 934 So. 2d 518, 520 (Fla. 3d DCA 2005). An appellate court will not interfere with a trial judge's discretion, Diaz v. Diaz, 258 So. 2d 37 (Fla. 3d DCA 1972), unless abuse is clearly shown. Buckley Towers Condo. Inc. v. Buchwald, 340 So. 2d 1206 (Fla. 3d DCA 1976). We hold that Ramos has not demonstrated an abuse of discretion by the trial judge below.

At issue is whether the trial court abused its discretion when it failed to continue the foreclosure bench trial because the defendant/homeowner's attorney failed to attend. The appellant has the burden of demonstrating the error he argues

2

occurred. There is, however, no transcript of the foreclosure trial proceedings and thus no record of the appellant's alleged oral motion for continuance. There is no follow-up written motion of continuance, or any written order denying continuance. There is also no post-hearing statement of the proceedings made pursuant to Florida Rule of Appellate Procedure 9.200(b)(4), which governs the preparation of a record when no transcript of the proceedings is available.[1] Further, the appellant did not seek any rehearing or reconsideration.

Thus, our review is really limited to just the pleadings, the final judgment of foreclosure and the record (which does not provide any insight to the issue on appeal). In the absence of an adequate transcript on appeal, a judgment that is not fundamentally erroneous must be affirmed. Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979). As the Florida Supreme Court said in Applegate:

> When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a

---

[1] Fla. R. App. P. 9.200 (b) (4) provides,

> If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection. The statement shall be served on all other parties, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be filed with the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.

record of the trial proceedings, the appellate court cannot properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial court so misconceived the law as to require a reversal.

377 So. 2d at 1152. No reversible error is demonstrated on this record; the trial court did not render its final judgment of foreclosure until the following day, after the original Note had been submitted. The appellant does not argue that the Final Judgment is erroneous. We therefore affirm the final judgment of foreclosure.

Affirmed.