# Third District Court of Appeal

**State of Florida**

Opinion filed April 26, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2739
Lower Tribunal No. 14-118-K

_____

**K.A., the mother,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Bonnie J. Helms, Judge.

Jiulio Margalli, for appellant.

Karla Perkins, Appellate Counsel for Department of Children and Families; Laura J. Lee (Sanford), Appellate Counsel for Guardian ad Litem Program, for appellees.

Before ROTHENBERG, LAGOA and EMAS, JJ.

EMAS, J.

On the second day of the adjudicatory hearing on a petition for termination of parental rights, appellant sought to call a witness to testify. However, appellant never listed this witness as required by Florida Rule of Juvenile Procedure 8.245(b)(2)(A) and (b)(3). Further, appellee was unaware of the existence of this witness or appellant's intent to call this witness at the hearing. Appellee had never spoken with or had an opportunity to depose this witness or to prepare for the proffered testimony.

Appellee objected and asserted that this witness, and the proffered testimony, came as a complete surprise and caused prejudice, as the adjudicatory hearing had already been proceeding for two days, and appellee had no way of anticipating or preparing for this proffered evidence.[1] The trial court agreed with appellee and, in the exercise of its discretion, prohibited appellant from presenting this witness at the hearing. We find no abuse of discretion in the trial court's determination and ruling. See S.S. v. Dep't of Children & Family Servs., 784 So. 2d 479 (Fla. 4th DCA 2001).

Affirmed.

_____

[1] Appellant proffered that this witness would testify "to the extremely narrow issue as to the mother's psychological issue [and] returning back with the father of the children despite alleged inciden[ts] of domestic violence." While it is unclear whether this witness would even have been qualified to offer expert opinions in this regard, it is clear that such testimony was not reasonably related to the issues being adjudicated at this termination of parental rights hearing, providing an alternative basis for the court's exclusion of the witness.